## Frank E. Furst, Appellee, v. W. T. Rawleigh Medical Company et al., Appellants.

### Gen. No. 6,130.

1. APPEAL AND ERROR, § 1733*—*when prior decision of Appellate Court is conclusive as to right of stockholder to examine books of corporation.* On a petition by a stockholder of a corporation for mandamus to compel the corporation and its officers to admit petitioner to its principal office and place of business to examine its records and books of account, where the defendants' answer set up a former adjudication wherein an order was entered for one complete examination by petitioner of the corporation's financial affairs, *held* that a demurrer to the answer was properly sustained, as petitioner had by such examination exhausted his rights under such order.

2. CORPORATIONS, § 178*—*when improper motives of stockholder are not bar to right of inspection of books.* The existence of improper motives in a stockholder of a corporation seeking mandamus to compel the corporation and its officers to admit him to an examination of its records and books of account is no bar to the exercise of his rights as a stockholder.

3. CORPORATIONS, § 178*—*what records and books stockholder not permitted to examine.* On petition by a stockholder in a medical company for mandamus to compel the company and its officers to allow him to make an examination of its records and books of account, *held* that the order for mandamus should except from its operation the report register of salesmen, the correspondence and contracts with salesmen, and the formulas and secret processes of manufacturing preparations sold by the company.

4. CORPORATIONS, § 178*—*when stockholder permitted to examine records and books.* An order for mandamus to compel a corporation and its officers to allow a stockholder to make an examination of its records and books of account should restrict such examination to business hours.

5. CORPORATIONS, § 178*—*when right of stockholder to examine records and books ceases.* An order for mandamus to compel a corporation and its officers to allow a stockholder to make an examination of its records and books of account should provide that it shall cease to be effective whenever the stockholder ceases to be a stockholder of the corporation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Stephenson county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1915. Affirmed in part, reversed in part and remanded with directions. Opinion filed February 10, 1917. Rehearing denied April 12, 1917.

R. R. TIFFANY and C. E. CRUIKSHANK, for appellants.

LOUIS H. BURRELL and HAROLD D. JAMES, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On November 20, 1914, Frank E. Furst filed in the Circuit Court of Stephenson county a petition against W. T. Rawleigh Medical Company and certain of its officers for a mandamus against said company and said officers, commanding them to admit the petitioner to its principal office and place of business at Freeport at all reasonable times to examine the records and books of account of the company, his alleged right to that relief being based on the fact that he then was and since August, 1905, had been a stockholder therein. The defendant company and its president and treasurer demurred to said petition and that demurrer was overruled. Jackson, the secretary of said company, answered the petition and the petitioner demurred thereto and that demurrer was sustained. The other defendants refused to plead further and the defendants who had demurred to the petition elected to stand by their demurrers, and Jackson elected to abide by his answer. A peremptory writ of mandamus was ordered, commanding the defendants to admit the petitioner in person or by his attorney to the principal office or place of business of the company in Freeport at all reasonable times and to make examinations of the records and books of account of said company and

to give said petitioner or his attorney access to the records and books of account of the company. This is an appeal from that order. The answer of Jackson set up at great length that Furst was a rival in business and was using the information obtained from the company's books to steal its methods and its salesmen and its customers, and also said answer pleaded the proceedings set out by us in *Furst v. Rawleigh,* 154 Ill. App. 522, as a prior adjudication. We held that the facts set up in said answer did constitute a former adjudication and that the demurrer to the answer of Jackson should have been overruled, and we reversed and remanded the cause. Thereafter we granted a rehearing to re-examine the question of former adjudication.

Upon a further consideration of the former judgment, set out in full in said answer, we find that by a reasonable construction thereof it is confined to one complete examination of the financial condition of the corporation. It appears from the allegations of said answer that Furst made one examination of the books of the company and it is a reasonable construction of the proceedings that he thereby exhausted his rights under that order. We therefore conclude that the former judgment could not be resorted to by petitioner to procure another examination, and that therefore the court properly sustained a demurrer to the answer so far as the question of former adjudication was concerned. The answer further indicated that Furst used the former order and will use the present judgment, not only for the legitimate purpose of exercising his right as a stockholder to ascertain the financial condition of the company, but also to gain knowledge to be used by him as a rival, to the detriment of the company. We conclude, however, that the existence of improper motives will not bar him from the exercise of his rights as a stockholder and that the judgment in the main is right.

We conclude, however, that the order is too broad. We conclude that the order should be so amended and qualified as to except from its operation and from such examination the report register of salesmen, the correspondence and contracts with salesmen, and the formulas and secret processes of manufacturing preparations sold by the company, and that the right to examine should be so modified as to restrict it to business hours, and that the judgment should provide that it shall cease to be effective whenever Furst ceases to be a stockholder of the corporation. The costs here will be adjudged against the appellee.

The judgment is therefore affirmed in part and reversed in part at the costs of appellee, and remanded with directions to modify the judgment in conformity with this opinion.

*Affirmed in part, reversed in part and remanded with directions.*